UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID SULLIVAN, AS TRUSTEE UNDER THE MINNESOTA WRONGFUL DEATH ACT FOR THE NEXT OF KIN OF S.S., DECEASED,<br><br>Plaintiff,<br><br>-against-<br><br>AMAZON.COM, INC., AND REDLINE COMMERCE INC. D/B/A MIKA MICKY,<br><br>Defendants. | Case No. 26-cv-348<br><br>**REMOVED FROM THE STATE OF MINNESOTA, RAMSEY COUNTY DISTRICT COURT, SECOND JUDICIAL DISTRICT** |

## NOTICE OF REMOVAL

Defendant Amazon.com, Inc. (Amazon) respectfully gives notice of the removal of this civil action from the Minnesota District Court, Second Judicial District, Ramsey County, to the United States District Court for the District of Minnesota, under 28 U.S.C. §§ 1332(a), 1441, and 1446. This Court has original jurisdiction and removal is proper because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs. As a short and plain statement of the grounds for removal, Amazon states as follows:

### A. BACKGROUND

On December 18, 2025, Plaintiff David Sullivan—as trustee for the next of kin of S.S.—brought a wrongful death and product liability action captioned *David Sullivan, as Trustee Under the Minnesota Wrongful Death Act for the Next of Kin of S.S., Deceased, v. Amazon.com, Inc., and Redline Commerce Inc., d/b/a Mika Micky*, venued in the Minnesota

District Court, Second Judicial District, Ramsey County (the "State Court Action"). *See* Declaration of Andrew J. Crowder ("Crowder Decl.") ¶ 4; Crowder Decl. Ex. A (Summons and Complaint). Plaintiff alleges that on February 16, 2023, he "found [baby S.S.] unresponsive with her face pressed against the side" of a Mika Micky infant bassinet; S.S. passed away shortly thereafter. Crowder Decl. Ex. A ¶¶ 18–23. The Complaint alleges claims of strict product liability, negligence, and breach of warranties against Amazon arising from Plaintiff's purchase of the Mika Micky bassinet on Amazon's online store, seeking entitlement to pre-death and wrongful death damages. *See id*. ¶¶ 1–34, 50–61.

Amazon was served with Plaintiff's Summons and Complaint on December 26, 2025. Crowder Decl. ¶ 4. Plaintiff commenced this action by "hip-pocket" service under Minnesota practice, *id*. ¶ 5, which permits service of a complaint without formal filing in state court, *see* Minn. R. Civ. P. 3, 11, and 12. Under Rule 3(a), a Minnesota state court action like this—even if "pocket served"—"is commenced" on the date "when the summons is served." Minn. R. Civ. P. 3.01(a). Thus, while this lawsuit has not been formally filed, it has "commenced" under the Minnesota Rules. And removal is proper; as one Minnesota federal court recently noted, "Minnesota law is unusual in that a plaintiff may commence an action by serving a complaint rather than filing it with the court," but nevertheless, "a Minnesota state action that has been commenced through service—but not yet filed—can be removed." *TallBear* v. *Soldi Inc.*, 2020 WL 2490047, at *1 n.1 (D. Minn. May 14, 2020). Amazon thus may, and hereby does, remove this action within 30 days of service of the initial pleading, consistent with 28 U.S.C. § 1446.

As of the date of this filing, Plaintiff has not effected service on co-defendant Redline Commerce Inc. d/b/a Mika Micky (Redline). Crowder Decl. ¶ 9.

### B.    THE COURT HAS ORIGINAL JURISDICTION.

A state civil action is removable if the district court has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *see also Owen Equip. & Erection Co.* v. *Kroger*, 437 U.S. 365, 373 (1978). Both requirements are satisfied here.

### 1.    The parties are completely diverse.

*David Sullivan.* Individuals are citizens of the state in which they are domiciled. *See Jones* v. *Hadican*, 552 F.2d 249, 250 (8th Cir. 1977) (holding that "for purposes of determining diversity of citizenship, the controlling consideration is the domicile of the individual"); *Eckerberg v. Inter-State Studio & Publishing Co.*, 860 F.3d 1079, 1086 (8th Cir. 2017) ("For purposes of federal jurisdiction, 'domicile' and 'citizenship' are synonymous terms."). Plaintiff is a resident and citizen of Shoreview, Ramsey County, Minnesota. Crowder Decl. Ex. A ¶ 1. He sues as trustee for the next of kin of S.S. *Id.* ¶ 2. Plaintiff is therefore a citizen of Minnesota for diversity purposes.

*Amazon.com, Inc.* A corporation is a citizen of both the state in which it has its principal place of business and its state of incorporation. *See Smith* v. *Ashland, Inc.*, 250 F.3d 1167, 1172 (8th Cir. 2001); *see also* 28 U.S.C. § 1332(c)(1). Amazon is—and was at the time this lawsuit was filed—a Delaware corporation with its principal place of business

- 3 -

in Seattle, Washington. Crowder Decl. ¶ 8; *see also* Ex. A ¶ 3. Amazon is therefore a citizen of Delaware and Washington for purposes of 28 U.S.C. § 1332(c)(1).

*Redline Commerce, Inc. d/b/a Mika Micky.* Redline is alleged to be, at all relevant times, a California corporation with a principal address in California. Crowder Decl. Ex. A ¶ 4. Redline is therefore a citizen of California for purposes of 28 U.S.C. § 1332(c)(1).

Because Plaintiff is a citizen of Minnesota, Amazon is a citizen of Delaware and Washington, and Redline is a citizen of California, no defendant shares citizenship with Plaintiff and complete diversity exists. *See* 28 U.S.C. § 1332(a).

### 2. The amount in controversy exceeds $75,000.

Plaintiff asserts claims seeking pre-death and wrongful death damages for past hospital and medical expenses, conscious pain and suffering, funeral and burial expenses, and loss of care, comfort, support, maintenance, society, counsel, service, and livelihood. *See generally* Crowder Decl. Ex. A. The Complaint repeatedly pleads damages "in an amount in excess of $50,000.00," on multiple counts, in connection with the death of an infant. *Id.* ¶¶ 33–34, 54–55, 60–61. The nature of the alleged injuries and remedies sought, including wrongful death damages and multiple categories of economic and noneconomic loss, demonstrate that "a fact finder might legally conclude," based on a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Thomas* v. *Neomedic, Inc.*, 2013 WL 5178200, at *1 (D. Minn. Sept. 13, 2013); 28 U.S.C. § 1332(a). Indeed, Plaintiff's counsel issued a demand letter seeking $50 million in damages, Crowder Decl. Ex. B, which "is relevant evidence of the amount in controversy

if it appears to reflect a reasonable estimate of the plaintiff's claim," *Cooper* v. *S & H Inc.*, 2012 WL 245116, at *3 (D. Minn. Jan. 25, 2012) (cleaned up).

* * * *

This Court has original jurisdiction because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

### C.    REMOVAL IS TIMELY.

A notice of removal must be filled within 30 days after the defendant's receipt, through service or otherwise, of the initial pleading, or within 30 days after receipt of an "other paper" from which removability may first be ascertained. 28 U.S.C. § 1446(b)(1)–(3). Amazon was served with the Summons and Complaint on December 26, 2025. Crowder Decl. ¶ 4. Amazon files this timely Notice within 30 days of that service, in satisfaction of 28 U.S.C. § 1446(b)(1).

### D.    CONSENT OF CO-DEFENDANT NOT REQUIRED.

Because Redline has not been properly joined and served as of the filing of this Notice, Crowder Decl. ¶ 9, Amazon may remove this action without the need to first obtain Redline's consent, 28 U.S.C. 1446(b)(2)(A) (requiring consent only of "all defendants who have been properly joined and served"). This is consistent with federal authority establishing that unserved defendants need not consent to removal. *See*, *e.g.*, *Jones* v. *Kremer*, 28 F. Supp. 2d 1112, 1113 n.2 (D. Minn. 1998) (recognizing the "well recognized exception[]" to obtaining consent "when a co-defendant has not been served at the time the removal petition is filed").

**E.    VENUE IS PROPER IN THIS COURT.**

This District is the proper venue because the state action served upon Amazon is venued in Ramsey County, which lies within the District of Minnesota. Crowder Decl. Ex. A; *see also* 28 U.S.C. § 1441(a).

**F.    AMAZON WILL PROVIDE NOTICE TO PLAINTIFF AND THE CLERK OF THE MINNESOTA STATE COURT.**

Amazon will promptly serve this Notice of Removal on Plaintiff, and will file a copy with the Clerk of the Ramsey County District Court, where this case was originally venued. *See* 28 U.S.C. § 1446(d). Amazon will also file a declaration establishing the relevant dates of service on Amazon and confirming that Redline has not yet been served.

**G.    THERE ARE NO PLEADINGS FROM THE STATE COURT ACTION.**

Because Plaintiff "pocket served" his Complaint upon Amazon, there are at this point no papers or pleadings filed in Minnesota state court related to these proceedings. Crowder Decl. ¶¶ 5–6; *see also* Minn. R. Civ. P. 3. The Summons and Complaint are nonetheless attached as Exhibit A to the Crowder Declaration.

**H.    THIS ACTION IS NOT SUBJECT TO 28 U.S.C. § 1445.**

This case is not an action described in 28 U.S.C. § 1445, and is removable.

**I.    AMAZON RESERVES ALL AVAILABLE RIGHTS AND DEFENSES.**

By filing this Notice of Removal, Amazon does not waive, and expressly reserves, all available defenses, objections, and motions, including those related to personal jurisdiction, venue, sufficiency of process, and failure to state a claim. No admission of fact, law, or liability is intended by this removal.

**WHEREFORE**, Amazon respectfully requests that this civil action venued in the Minnesota District Court, Second Judicial District, Ramsey County, be removed to the United States District Court for the District of Minnesota, and that no further proceedings be had in the state court.

Dated: January 15, 2026

*/s/ Andrew J. Crowder*
Andrew J. Crowder (#0399806)
**NORTON ROSE FULBRIGHT US LLP**
60 South Sixth St., Ste 3100
Minneapolis, MN 55402
Phone: (612) 321-2271
Email: andy.crowder@nortonrosefulbright.com

*Counsel for Amazon.com, Inc.*