# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID SULLIVAN, *as Trustee Under the Minnesota Wrongful Death Act for the Next of Kin of S. S., Deceased*, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC. and REDLINE COMMERCE INC., *d/b/a Mika Micky*, <br><br> Defendants. | Case No. 26-cv-348 (LMP/DJF) <br><br><br> **ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE** |

Plaintiff David Sullivan brought this products liability action on behalf of his infant daughter S. S. in Minnesota state court on December 18, 2025. *See* ECF No. 1-1. Defendant Amazon.com, Inc. removed the action to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). ECF No. 1 at 3. Sullivan thereafter filed an amended complaint. ECF No. 13. Defendant Redline Commerce Inc. was served with the amended complaint but has not appeared. *See, e.g.*, ECF No. 32 at 3–5. As a result, Sullivan sought and was granted an entry of default from the Clerk of Court against Redline pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, ECF No. 29, and now moves for default judgment against Redline pursuant to Rule 55(b), ECF No. 31. Amazon objects. ECF No. 41. Because an entry of default judgment at this time might lead to inconsistent judgments, the Court denies the motion without prejudice.

## BACKGROUND

In 2020, Sullivan bought a "Mika Micky" bassinet on Amazon.  ECF No. 13 ¶ 20. The bassinet was "manufactured, sold, and/or distributed" by Redline through Amazon, and Amazon shipped the bassinet to Sullivan via Amazon's Prime Delivery.  *Id.* ¶¶ 15, 20. Sullivan alleges that "Amazon and Redline engaged in a mutual understanding for the common purpose of manufacturing, selling, and distributing products to American consumers, and both Defendants Amazon and Redline had a right to a voice in the direction and control of how this common purpose was carried out."  *Id.* ¶ 14.

Sullivan assembled and used the bassinet "in a manner that was both intended and reasonably foreseeable to the manufacturer, and reasonably foreseeable to Amazon."  *Id.* ¶¶ 23–24.  But on February 16, 2023, his infant daughter S. S. suffocated and died while sleeping in the bassinet.  *Id.* ¶¶ 25–26.  Sullivan alleges that the bassinet's defective design caused S. S.'s death, because the bassinet had "an area . . . that increased risks of occlusion and abnormal exchange of gasses" and "failed to protect infants from suffocation risks." *Id.* ¶¶ 16, 29.  Sullivan further alleges that Redline "knew or should have known that its design was flawed, unsafe, and exposed infants to an increased risk of suffocation," *id.* ¶ 17, and that Amazon "knew, or should have known, the critical importance of products intended to be used by infants be designed and manufactured to be safe for infants," *id.* ¶ 19.

Sullivan brought this action on behalf of S. S. asserting several causes of action arising under Minnesota common law.  *See id.* ¶¶ 30–80.  All the counts are premised on his allegation that the bassinet was defectively designed.  Count 1 alleges "Strict Product

Liability – Seller or Distributor" against Amazon, for selling a bassinet that was in a defective condition "unreasonably dangerous for its intended use." *Id.* ¶ 32.  Count 2 similarly alleges "Strict Product Liability – Design Defect" against Redline, for designing a product that was in a defective condition "unreasonably dangerous for its intended and/or reasonably foreseeable use." *Id.* ¶ 39.  Count 3 alleges that Redline breached its "Duty to Warn" Sullivan, including "a duty to give adequate instructions for safe use, and the duty to warn of dangers inherent in the proper and foreseeable improper use." *Id.* ¶ 47.  Count 4 alleges "General Negligence" against Amazon, for breaching a duty to "use reasonable care to protect people, like S. S., who are likely to be exposed to unreasonable risk of harm." *Id.* ¶ 53.  Count 5 alleges that Amazon breached "Express and Implied Warranties" because it marketed and sold the bassinet as if it was safe for use, when in fact it presented an "unreasonable danger and a hazard to S. S. when used as it was intended." *Id.* ¶ 60. Counts 6 and 7 assert identical "General Negligence" and breach of "Express and Implied Warranties" claims against Redline. *Id.* ¶¶ 64–75.  Finally, Count 8 alleges "Joint Enterprise" against Amazon and Redline, asserting that both committed "independent and joint acts of negligence" while engaged in a "joint enterprise." *Id.* ¶¶ 77–78.

Sullivan now moves for default judgment against Redline pursuant to Rule 55(b). ECF No. 31.  Sullivan argues that default judgment is proper because "the requirements of the Federal Rules of Civil Procedure and judicial precedent have been satisfied." ECF No. 32 at 7.  But Sullivan acknowledges that the issue of damages is "almost impossible to prove to a reasonable degree of certainty using only the pleadings" and that the "proper method for determining such a value would be through a jury or other finder of fact." *Id.*

3

at 8.  Because Amazon has appeared and is defending itself, Sullivan asks the Court to withhold the issue of damages until his claims against Amazon are resolved by jury trial or other means.  *Id.* at 8–9.  Amazon opposes entry of default judgment against Redline.  ECF No. 41.  Amazon argues that entry of default judgment now is premature, that it would create the potential for inconsistent judgments, and that it would prejudice Amazon, the only appearing defendant.  *Id.* at 6–11.

## ANALYSIS

Securing default judgment is a two-step process.  First, the party seeking default judgment must apply for entry of default from the Clerk of Court.  *See* Fed. R. Civ. P. 55(a).  "Only after an application is made, and granted under Rule 55(a), can a plaintiff seek a Default Judgment" under Rule 55(b).  *Armstrong v. Astrue*, 569 F. Supp. 2d 888, 895 n.6 (D. Minn. 2008).  Here, the Clerk of Court entered default against Redline.  ECF No. 29. As a result, Rule 55 authorizes the Court to issue a judgment against Redline if the amended complaint shows that "the unchallenged facts constitute a legitimate cause of action." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (citation omitted).

But "default judgments are not favored by the law and should be a rare judicial act" because "there is a judicial preference for adjudication on the merits."  *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (internal quotation marks omitted) (citations omitted).  Whether—and when—to issue default judgment is left to the sound discretion of the Court.  *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996).  Relevant here, a court should not enter default judgment when "co-defendants are similarly situated," and at least one has appeared in the lawsuit, because

"inconsistent judgments will result if one defendant defends and prevails on the merits and the other suffers a default judgment." *Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004). In general, "a judgment on the merits for the answering party should accrue to the benefit of the defaulting party," *id.*, so "if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants," *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001). In such a situation, a default judgment enforced against the defaulting party would lead to an "absurdity." *Frow v. De La Vega*, 82 U.S. 552, 554 (1872).

Here, the parties are similarly situated because they have "closely related defenses." *U.S. ex rel. Costner v. United States*, 56 F. App'x 287, 288 (8th Cir. 2003) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2690 (3d ed. 1998)); *see also Moore v. Booth*, 122 F.4th 61, 67 (2d Cir. 2024) (noting that this rule applies when the defendants are "similarly situated" or have "'closely related defenses' even if not jointly liable"). Indeed, Sullivan alleges nearly identical claims against both Defendants, and each claim is premised on the allegation that the bassinet was defectively designed. Should Amazon prove at trial that the bassinet was *not* defectively designed, Sullivan's claims against Redline would fail. *Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 154 (3d Cir. 1986) (explaining that "if at trial facts are proved that exonerate certain defendants and that as a matter of logic preclude the liability of another defendant, the plaintiff should be collaterally estopped from obtaining a judgment against the latter

5

defendant, even though it failed to participate in the proceeding"). To put it another way, a judgment against Redline could not be reconciled with a judgment for Amazon. *Id.*

Further, as Sullivan acknowledges, the issue of damages cannot be resolved now and, instead, would be more sensibly resolved after Amazon litigates the case against it to conclusion. ECF No. 32 at 8. As a result, the Court believes that the "better approach to remedy this problem" is "to defer judgment against the defaulting party until the merits have been resolved." *Rankin v. Direct Recovery Servs., LLC*, No. 21-cv-1560 (MJD/LIB), 2023 WL 3597724, at *2 (D. Minn. May 23, 2023) (citation omitted).

In his reply, Sullivan clarifies he is asking the Court to enter default judgment but defer its "finality" as to Redline's liability. ECF No. 43 at 2. But the cases Sullivan relies on to support such an approach do not, in fact, support that approach. For instance, Sullivan argues that the court entered default judgment in *Rankin* but "deferr[ed] its operative effect." ECF No. 43 at 3. Not so. In that case, as noted above, the court found that default judgment was an appropriate remedy because a party had not appeared but specifically held the entry of default judgment in "abeyance until resolution of the case on the merits." *Rankin*, 2023 WL 3597724, at *4. Sullivan also argues that default judgment against Redline would not prejudice Amazon because Amazon's defenses are not precluded by such a judgment. ECF No. 43 at 4. But that misunderstands the problem the Court seeks to avoid. Clearly, Amazon would not be prejudiced by an entry of default judgment against Redline. But Redline might be entitled to benefit from any merits-based success Amazon might have, as noted above. *Angelo Iafrate Constr.*, 370 F.3d at 722 (noting that "a judgment on the merits for the answering party should accrue to the benefit of the

6

defaulting party"). Should that occur, the default judgment against Redline could not be reconciled and would be absurd.

In any event, the Court sees no meaningful difference between Sullivan's request to enter default judgment but withhold its "finality," and simply deferring the judgment until the merits have been resolved. Consequently, the Clerk's Entry of Default, ECF No. 29, will remain in place. And should Redline ever appear in this litigation, it will not be entitled to freely enter the case and begin its defense. Instead, it will need to move to vacate that entry of default under Rule 55(c), showing "good cause" for such relief. Fed. R. Civ. P. 55(c).

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that Sullivan's Motion for Default Judgment (ECF No. 31) is **DENIED** without prejudice.

Dated: June 5, 2026                          *s/Laura M. Provinzino*
                                             Laura M. Provinzino
                                             United States District Judge